T.C. Summary Opinion 2017-54

UNITED STATES TAX COURT

ROBERT GEORGE WELEMIN AND ARSENIA Z. WELEMIN, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28031-14S.                     Filed July 18, 2017.

Robert George Welemin and Arsenia Z. Welemin, pro sese.

<u>Mark A. Nelson</u> and <u>Katherine Holmes Ankeny</u>, for respondent.

SUMMARY OPINION

GUY, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 in effect when the petition was filed.[1]  Pursuant to section 7463(b),

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code), as amended and in effect for the taxable year 2012, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Monetary amounts are rounded to the nearest dollar.

the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent issued a notice of deficiency to petitioners determining a Federal income tax deficiency of $5,075 for the taxable year 2012 and an accuracy-related penalty under section 6662(a) of $1,015.  Petitioners, husband and wife, filed a timely petition for redetermination with the Court.  At the time the petition was filed, petitioners resided in California.

After concessions,[2] the issues remaining for decision are whether Mr. Welemin earned nonemployee compensation of $12,000 during the year in issue and, if so, whether petitioners are liable for an accuracy-related penalty under section 6662(a).[3]

## Background

Some of the facts have been stipulated and are so found.

Mr. Welemin is a handyman, and at times he has operated a business under the trade name Bob's Handyman Service or Right Way Services.  Over several

---

[2]Petitioners concede that they received and failed to report income of $86 as reported on Form 1099-Q, Payments From Qualified Education Programs (Under Sections 529 and 530), for the taxable year 2012.

[3]To the extent not discussed herein, other issues are computational and flow from our decision in this case.

years Mr. Welemin and his family rented a home owned by the 1990 Winberg Family Trust (trust). The trust owned an eight-unit apartment building and 16 single-family homes on various lots in adjoining neighborhoods. Gerald Gaynor served as trustee of the trust.

During 2012 petitioners fell behind on their rent payments to the trust, which were set at $1,000 monthly. To avoid eviction Mr. Welemin entered into an informal arrangement under which he provided repair and maintenance services for the trust, and in exchange Mr. Gaynor agreed to offset petitioners' rent in an amount equal to the value of Mr. Welemin's services. This informal arrangement continued throughout 2012.

Although Mr. Welemin sometimes worked with Gary Winberg (a beneficiary of the trust), he largely worked independently. Mr. Welemin submitted to Mr. Gaynor time records and receipts for items that he purchased to complete the repair and maintenance services that he performed for the trust. Mr. Welemin testified that Mr. Gaynor was not a good recordkeeper and that he was not reimbursed by the trust for some expenses that he had incurred to make repairs on the trust's properties. Mr. Gaynor considered Mr. Welemin an equally inept recordkeeper.

Mr. Gaynor (in his capacity as trustee) issued a Form 1099-MISC, Miscellaneous Income, reporting that Mr. Welemin had earned nonemployee compensation of $12,000 in 2012. Because Mr. Welemin was uncertain that the Form 1099-MISC was correct, he consulted with Kathleen Chambers, the Welemins' tax return preparer. He also contacted Mr. Gaynor.

Ms. Chambers prepared and filed petitioners' Federal income tax return for 2012. Because of his uncertainty as to how to proceed, Mr. Welemin instructed Ms. Chambers to exclude from the couple's tax return the $12,000 of nonemployee compensation reported by the trust on Form 1099-MISC.

At trial respondent offered into evidence a revised Form 1099-MISC, prepared by Mr. Gaynor on behalf of the trust, reporting that Mr. Welemin had received nonemployee compensation of $7,275 in 2012.

## Discussion

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[4] If a taxpayer raises a reasonable dispute with respect to a

---

[4]Pursuant to sec. 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioners have neither alleged

(continued...)

third-party information return and has otherwise fully cooperated with the Commissioner, the burden of production may shift to the Commissioner to present reasonable and probative evidence to verify the information return. Sec. 6201(d).

The term "gross income" is broadly defined in the Code to include all income from whatever source derived. Sec. 61(a). Gross income encompasses compensation for services, including fees, commissions, fringe benefits, and similar items. Sec. 61(a)(1).

As a preliminary matter, we conclude that Mr. Welemin received gross income in 2012 equal to the value of the services that he provided to the trust and which the trust applied as an offset against petitioners' rent. In short, the trust accepted Mr. Welemin's services in lieu of some or all of petitioners' rent payments--an indirect form of compensation equal to the value of the repair and maintenance services that Mr. Welemin provided to the trust. Id.; see, e.g., Heyward v. Commissioner, 36 T.C. 739 (1961), aff'd per curiam, 301 F.2d 307 (4th Cir. 1962).

---

[4](...continued) that section 7491(a) applies nor established their compliance with its requirements. See Rolfs v. Commissioner, 135 T.C. 471, 483 (2010), aff'd, 668 F.3d 888 (7th Cir. 2012).

Mr. Welemin contends that he should be permitted to exclude from gross income any amount attributed to him in respect of the rental value of the trust property under the provisions of section 119(a). That Code section provides in relevant part that an employee may exclude from gross income the value of any lodging furnished to him, his spouse, or dependents by or on behalf of his employer for the convenience of the employer but only if the employee is required to accept such lodging on the business premises of his employer as a condition of his employment. See Lindeman v. Commissioner, 60 T.C. 609 (1973); sec. 1.119-1(b), Income Tax Regs.

Mr. Welemin's reliance on section 119(a) is misplaced. Mr. Welemin did not offer a cogent argument that he was an employee of the trust, and Mr. Gaynor clearly did not consider Mr. Welemin anything other than an independent contractor. Moreover, the record reflects that the Welemins were not residing in the trust property for the convenience of the trust and certainly not as a condition of Mr. Welemin's employment. Rather, the Welemins were permitted to continue to reside in the trust property, despite being delinquent on their rent, in exchange for Mr. Welemin's agreement to provide maintenance and repair services. Under the circumstances, Mr. Welemin is not entitled to the income exclusion prescribed in section 119(a).

Mr. Welemin further asserts that he should be permitted to report gross receipts and expenses attributable to his work for the trust on Schedule C, Profit or Loss From Business. Despite ample opportunity to do so, Mr. Welemin did not present any records or receipts that would permit the Court to determine the amount of gross receipts or expenses that he paid or incurred in connection with the work he performed for the trust.

We now turn to the question of the amount of nonemployee compensation that Mr. Welemin earned in 2012. Neither party offered compelling, definitive evidence regarding the amount of Mr. Welemin's income. Although Mr. Gaynor issued the original Form 1099-MISC reporting that Mr. Welemin had earned income of $12,000, he subsequently issued a revised Form 1099-MISC reporting income of $7,275. Neither respondent nor Mr. Welemin could explain why Mr. Gaynor made this adjustment. Considering all the facts and circumstances, and on the preponderance of the limited evidence presented, the Court concludes that Mr. Welemin earned nonemployee compensation of $7,275 in 2012 in connection with the services that he provided to the trust.

Finally, we consider whether petitioners are liable for an accuracy-related penalty. Section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty equal to 20% of the amount of any underpayment of tax that is due to the

taxpayer's negligence or disregard of rules or regulations or that is attributable to any substantial understatement of income tax. The term "negligence" includes any failure to make a reasonable attempt to comply with the Code, and the term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). By virtue of section 6664(c)(1), the accuracy-related penalty is not imposed with respect to any portion of an underpayment if it is shown that there was reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion. Whether a taxpayer acted in good faith depends upon the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his or her proper tax liability. Beard v. Commissioner, T.C. Memo. 1995-41; sec. 1.6664-4(b)(1), Income Tax Regs.

With respect to an individual taxpayer's liability for any penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that it is appropriate to impose the penalty. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's

determination is incorrect.  Id. at 447; see Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

Petitioners improperly failed to report income of $7,275 for the taxable year 2012 in disregard of applicable statutory provisions.  Consequently, we find that respondent met his burden of production.

Mr. Welemin instructed his tax return preparer to exclude the item of income from the couple's tax return, and there otherwise is no statement disclosing the item on the return.  On this record, we conclude that petitioners failed to make a reasonable attempt to comply with the Code and that they were at the least careless in preparing and filing their tax return.  See sec. 6662(c).  It follows that respondent's determination that petitioners are liable for an accuracy-related penalty under section 6662(a) is sustained.

To reflect the foregoing,

Decision will be entered

pursuant to Rule 155.